■ In the Matter of MAY BOLHOWER, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Determination of Commissioner of the New York State Department of Social Services, dated July 25, 1975, affirming decision of the New York City Department of Social Services (agency) requiring petitioner to pay one fourth of a hospital bill, to wit, $1,070, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded to the agency to recalculate petitioner's eligibility in accordance with the views expressed herein. On petitioner's admission to New York Hospital for emergency brain surgery on August 15, 1974, from which institution she was discharged on September 7, 1974, she applied to the agency for medical assistance to cover the cost of her hospital stay. On December 12, 1974, the agency issued an eligibility determination requiring petitioner to pay one fourth of the bill, to wit, $1,070, based on her net income in 1973 of $4,282. In April, 1975, the agency adhered to this determination in response to the petitioner's request for an adjustment based upon her net income in 1974 of only $1,500. Petitioner requested a fair hearing to appeal this decision. At the hearing, petitioner, not assisted by counsel or a lay representative, offered her income tax return for 1974 disclosing a net income of only $1,500, together with supplementary evidence. The hearing officer declined to accept into evidence the income tax return apparently on a general doubt, not supported by any concrete facts, that petitioner could have in fact lived on such an income. Apparently the hearing officer gave no consideration to the obvious fact that petitioner's illness and hospitalization for an extended period in 1974 inevitably would have resulted in a sharply reduced income. It is clear that petitioner's income during the year of the hospitalization in issue is decisive (see Social Services Law, § 366, subd 2, par [b]) and that the income reported on her income tax return for that year would exempt her from the requirement of a contribution. (Social Services Law, § 366, subd 2, par [a], cl [8].) The failure of the hearing officer to accept into evidence and give appropriate weight to the 1974 income tax return was arbitrary. Nor do we find the summary way in which the hearing was conducted with regard to a woman unassisted by counsel on a matter of large importance to her to be consistent with the requirements of a fair hearing. The determination challenged is accordingly nullified and the agency is directed to recalculate petitioner's eligibility in accordance with the views here set forth. Concur—Silverman, J. P., Evans, Lynch, Sandler and Sullivan, JJ.